NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0662n.06

No. 17-1424

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARCUS M. BRIM, | ) | **FILED** |
| | ) | Nov 29, 2017 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | |
| DOUG WELTON, Inspector, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Defendant, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| and | ) | |
| | ) | |
| SHERRY ALEXANDER, Arus/Officer, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: GRIFFIN, KETHLEDGE, and BUSH, Circuit Judges.

PER CURIAM. Marcus M. Brim appeals the district court's orders granting summary judgment to one defendant and denying Brim's subsequent motion for reconsideration.

Brim filed a complaint against Sherry Alexander, who was an assistant resident unit supervisor at Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan, and Douglas Welton, who was an inspector at the same facility. Brim alleged that, while he was a prisoner at IBC, defendants failed to adequately protect him after he informed them that he was in danger from another prisoner. Brim sought monetary, declaratory, and injunctive relief.

Defendants moved for summary judgment. A magistrate judge recommended denying the motion as to Welton but granting it as to Alexander on the basis that Brim failed to properly exhaust his administrative remedies because he did not adequately identify Alexander in the first step of the applicable three-step prison grievance procedure. Over Brim's objections, the district court adopted the recommendation and dismissed without prejudice Brim's claims against Alexander. The court denied Brim's motion for reconsideration and subsequently dismissed Brim's action after accepting a stipulation to dismiss the claims against Welton.

On appeal, Brim argues that the district court erred in granting summary judgment to Alexander because he had adequately identified her in his administrative grievance proceedings. We review de novo a district court's grant of summary judgment. *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 759 (6th Cir. 2010). Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 759–60. A genuine issue of material fact exists if a reasonable juror could return a verdict for the non-moving party. *Id.* at 759.

Under the Prison Litigation Reform Act ("PLRA"), a state prisoner, prior to filing suit in federal court, must exhaust his administrative remedies by complying with the grievance procedures set forth by his correctional institution. *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). Here, the relevant grievance procedure is set forth in Michigan Department of Corrections Policy Directive 03.02.130. That directive requires prisoners to briefly and concisely state the issues and to provide the facts relevant to the issues being grieved, including dates, times, places, and names of all those involved. *Id.* Generally, a prisoner fails to properly exhaust his administrative remedies under Policy Directive 03.02.130 when he fails to specify

the names of each person from whom he seeks relief, but prison officials waive any procedural irregularities in a grievance when they address the grievance on the merits. *Id.* at 591.

In his step one grievance, Brim alleged that, when he first arrived at IBC, he went to the assistant resident unit supervisor in Unit 7 and told her that he could not be around a particular prisoner who was also in the unit. Cell usage records show that Brim arrived at IBC on October 11, 2012, and Alexander's affidavit states that she was an assistant resident unit supervisor in Unit 7 until November 24, 2012. After Brim's step one grievance was denied on the merits, he appealed the decision to step two, and he identified Alexander as the supervisor whom he had spoken to about the other prisoner. The step two grievance was denied on the merits, and Brim appealed to step three, again identifying Alexander as the relevant supervisor. The step three grievance was denied on the merits.

The district court erred by granting summary judgment to Alexander on the basis that Brim failed to properly exhaust his administrative remedies. Because prison authorities denied Brim's grievance on the merits at all three steps rather than invoking a procedural bar, he properly exhausted his administrative remedies as to Alexander. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 323–24, 326 (6th Cir. 2010) (holding that a prisoner properly exhausted his claim despite failing to name a single individual in his initial grievance because he invoked one complete round of the relevant grievance procedure, and the Michigan Department of Corrections denied the grievance on the merits at each step rather than invoking a procedural bar). And, in any case, given that Brim identified an unnamed assistant resident unit supervisor in Unit 7 in his step-one grievance and clarified in his step-two appeal that Alexander was that supervisor, "a reasonable jury could find that this information was sufficient under the circumstances presented here" to satisfy the exhaustion requirement of the PLRA. *See Mattox*,

- 3 -

851 F.3d at 597 (concluding that summary judgment based on failure to properly exhaust administrative remedies was improper where a step one grievance stated that an unnamed medical officer violated the plaintiff's rights and the step two appeal named the medical officer in question).

Accordingly, we **REVERSE** the district court's order granting summary judgment to Alexander and **REMAND** for further proceedings.